# EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VERONICA WEEKES, individually and on behalf of others similarly situated;**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CHHS HOSPITAL COMPANY, LLC, d/b/a CHESTNUT HILL HOSPITAL**<br><br>**Defendant.** | **No. 15-4202**<br>**The Hon. Mark A. Kearney,**<br>**U.S.D.J.** |

## STIPULATION OF SETTLEMENT AND RELEASE

Veronica Weekes (as "Weekes"), on behalf of herself and all others similarly situated, and CHHS Hospital Company, LLC, d/b/a Chestnut Hill Hospital (the "Hospital"), hereby stipulate and agree as set forth below:

## I.     THE PARTIES TO THIS STIPULATION

This Stipulation is made and entered into by and among the following parties:   (i) Weekes (on behalf of herself and each of the Class Members), with the assistance of Class Counsel; and (ii) the Hospital, with the assistance of its counsel of choice.  The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all Released Claims (as defined herein) upon and subject to the terms and conditions hereof.

## II.     THE LITIGATION

Weekes is currently employed by the Hospital as a full-time Registrar working the second shift (3:00 p.m.-11:30 p.m.) in the Emergency Department ("ED").  Weekes filed a three (3) count Collective and Class Action Complaint (the "Action") asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act

1

("PMWA"), 43 P.S. § 333 *et seq.* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*   In her Complaint, Weekes alleges that the Hospital "habitually deduct[s] thirty (30) minutes of compensable pay from each shift worked, regardless of whether Weekes and all those similarly situated actually received an uninterrupted, thirty (30) minute break."  Compl. at ¶¶ 3, 18.  Weekes seeks to assert her claims as a collective action under 29 U.S.C. § 216(b) and as a putative class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of "all other similarly situated persons presently or formerly employed by the Hospital in the position of Admitting Specialist, or in positions with similar job duties…." Compl. at ¶¶ 15, 21.  On October 14, 2015, the parties participated in a settlement conference before the Honorable Marilyn Heffley, at which the parties reached the conditional settlement discussed herein.

## III.    DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY

The Hospital specifically and generally denies any and all liability or wrongdoing of any sort with regard to any of the claims alleged, makes no concessions or admissions of liability of any sort, and contends that for any purpose other than settlement, this Action is not appropriate for collective or class treatment pursuant to either 29 U.S.C. §216(b) or Federal Rule of Civil Procedure 23, respectively.

Nonetheless, the Hospital has concluded that further litigation of the Action may be protracted, distracting, and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Hospital has also taken into account the uncertainty and risks inherent in any litigation.  The Hospital has therefore determined that it is desirable and beneficial to it to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

**IV.    CLAIMS OF THE CLASS REPRESENTATIVE AND BENEFITS OF
         SETTLEMENT**

Weekes and Class Counsel believe that the claims asserted in the Action have merit. However, Weekes and Class Counsel recognize and acknowledge the expense and length of time associated with continued proceedings necessary to prosecute the Action against the Hospital through trial and through appeals.  Weekes affirms that she has not been coerced, threatened, or intimidated into signing this Stipulation; that she has been advised to consult with Class Counsel; and that she in fact has consulted with Class Counsel before signing this Stipulation. Weekes and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, including the potential that conditional and/or class certification may be denied, as well as the difficulties and delays inherent in all litigation.  Based upon their evaluation, Weekes and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of Weekes and the Class.

**V.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between Weekes (for herself and the Class Members) and the Hospital, with the assistance of their respective counsel, that, as among the Parties, including all Class Members, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment (as defined herein).

**1.     DEFINITIONS**

1.1     "Action" means the civil action filed on or about July 30, 2015 in the United States District Court for the Eastern District of Pennsylvania captioned Weekes et al. v.

<u>CHHS Hospital Company, LLC, d/b/a Chestnut Hill Hospital,</u> Case No. 15-4202 (MAK), including any amendments made pursuant to this Stipulation.

        1.2    "Class" or "Class Members" shall mean Weekes, and all other full time Admitting Specialists/Registrars employed by the Hospital who were assigned primarily to the Emergency Department from August 1, 2012 to August 1, 2015, who did not submit more than fifteen (15) Meal Break Exception Reports during the 16 month period preceding July 31, 2015 (i.e., March 31, 2014 through July 31, 2015).

        1.3    "Class Counsel" shall mean the law firm of Murphy Law Group.

        1.4    "Settlement Award" shall mean the remainder of the Settlement Amount available to be distributed to the Class Members after deductions of Court approved attorneys' fees and litigation costs, the service payment to Weekes, the payment for the services of the Claims Administrator, and the Hospital's share of any applicable employment taxes.  The Settlement Awards will be determined based on the relative merits of claims, timeliness and other considerations.

        1.5     "Weekes" shall mean Named Plaintiff Veronica Weekes.

        1.6    "Court" refers to the United States District Court for the Eastern District of Pennsylvania.

        1.7    "Covered Period" for Class Members shall mean August 1, 2012 to August 1, 2015 through the date of this Stipulation.

        1.8    Hospital counsel shall mean the law firm of Post & Schell, P.C.

        1.9    "Exclusion/Opt-Out Form" shall mean the Form Class Members must timely file in order to be excluded from the settlement to be approved by the Court, substantially in the form attached hereto as Exhibit "B."

1.10    "Judgment" shall mean the Order of Final Approval entered by the Court.

1.11    "Notice" or "Class Notice" shall mean the "Notice of Preliminary Approval of Settlement of Class Action; Notice of Settlement Hearing and Hearing Regarding Application for Attorneys' Fees, Costs, and Compensation to Named Representative; and Exclusion Procedures" to be approved by the Court, substantially in the form attached hereto as Exhibit "A."

1.12    "Order of Final Approval" shall mean an order to be entered and filed by the Court entitled "Order Determining Good Faith and Granting Final Approval of Settlement," substantially in the form attached hereto as Exhibit "D."

1.13    "Parties" shall mean Weekes, Participating Claimants, and the Hospital.

1.14    "Participating Claimant" means each Class Member who does not properly exclude himself or herself from the Settlement pursuant to the terms of this Stipulation.

1.15    "Preliminary Approval Order" shall mean an order to be executed and filed by the Court entitled "Preliminary Approval Order," substantially in the form attached hereto as Exhibit "C."

1.16    "Released Claims by Class Members" means any and all claims released in section 2.7.1.

1.17    "Released Claims by Weekes" means any and all claims released in section 2.7.1.

1.18    "Released Claims" means Released Claims by Class Members and Released Claims by Weekes, collectively.

1.19    "Releasees" shall mean the Hospital and/or Community Health Systems as well as all other individuals and/or entities affiliated with either, including all parents,

5

subsidiaries, predecessors and successors, affiliates, and, in their capacities as such, all present, past, and future directors, officers, shareholders, employees, medical staff, agents, representatives, attorneys, insurers, reinsurers, agents, successors, and assigns, which may include but are not limited to unrelated parties and subsequent purchasers, controlling corporations, and any related or affiliated companies, whether direct or indirect, its and their joint ventures and joint venturers (including its and their respective directors, officers, employees, former employees, shareholders, partners and agents, past, present, and future), and each of its and their respective successors and assigns, which may include but are not limited to unrelated parties and subsequent purchasers.

1.20    "Settlement Amount" shall mean $52,500.00, the aggregate and absolute maximum amount that the Hospital will become obligated to pay by operation of this Stipulation and Settlement, if approved.

1.21    "Settlement Effective Date" or "Effective Date" shall mean the latest of the following dates:

(a)    the date of final affirmance on an appeal of the Judgment;

(b)    the date of final dismissal with prejudice of the last pending appeal from the Judgment; or

(c)    if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming final.

1.26   "Settlement Hearing" means a hearing set by the Court for the purpose of (i) determining the fairness, adequacy and reasonableness of the Stipulation and associated Settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated Settlement; and (iii) entering Judgment.

1.27   "Settlement" or "Stipulation" shall mean this Joint Stipulation of Settlement and Release.

1.28   "Unknown Claims" means any Released Claims which Weekes or any Class Member does not know or suspect to exist in his or her favor at the time of the Judgment which are related to this litigation and which, if known by him or her, it might have affected his or her Settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Class or to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Settlement Effective Date, Weekes shall have expressly, knowingly and intentionally waived the benefits and rights arising under any otherwise applicable state or federal statute, rule or doctrine which the releasor does not know to exist at the time of executing the release, and which, if known by him or her, would have materially affected his or her settlement.   In addition, the Participating Claimants shall be deemed to have, and by operation of the Judgment shall have, likewise waived such rights.

2.     **THE SETTLEMENT**

2.1     The Parties stipulate, for settlement purposes only, to the preliminary certification by the Court of a class consisting of all Class Members as to all claims asserted in the Action pursuant to the PMWA and/or WPCL, and further stipulate, for settlement purposes only, to the preliminary certification by the Court of a collective action as to all claims asserted in the Action pursuant to the FLSA.  Specifically, the Parties stipulate to the following Class:

**All full time Registrars/Admitting Specialists employed by the Hospital from August 1, 2012 to August 1, 2015, who were assigned primarily to the Emergency Department, and did not submit more than fifteen (15) Meal Break Exception Reports during the 16 month period preceding July 31, 2015 (i.e., March 31, 2014 through July 31, 2015).**

2.1.4    As stated in Section 2.11 below, if, for any reason, (i) the Court denies the Parties' request for an Order of Preliminary Approval, (ii) the Court does not enter an Order of Final Approval Order; (iii) the Settlement Effective Date cannot occur, or (iv) this Stipulation is terminated for any other reason permitted by this Stipulation, the Hospital shall retain the absolute right to contest all issues in the Action including, but not limited to, disputing the propriety of class certification and/or collective action certification on all applicable grounds and the parties will be placed in the exact same position the parties were in prior to the filing of this Stipulation.

2.1.5    Within seven (7) days of the Court's entry of the Order of Final Approval, Weekes agrees to discontinue/withdraw the Action, with prejudice.

2.1.6    Weekes and the Hospital, through their Counsel of Record, shall file a Joint Motion for Order Certifying Class for Settlement Purposes, Preliminary Approving Settlement Agreement, Class Notice and Opt-Out Form and this Stipulation with the Court on or before November 4, 2015.

2.2    Consideration to Participating Claimants

2.2.1    In consideration for the releases set forth in section 2.7.1, the Hospital will deposit the Settlement Amount, equal to $52,500.00.  The Settlement Amount will be the aggregate and absolute maximum amount that the Hospital will become obligated to pay by operation of the Settlement, if it receives final approval and is inclusive of: litigation costs; back wages; liquidated/statutory damages; premium/enhancement payments, if any; the full cost

of administration of the settlement and claims process; Class Counsel's fees and costs; interest; the full amount of the participating class members' W-2 withholdings (and state/local withholdings if applicable); and any share of payroll taxes owed by the Hospital on back wage payments made to Participating Claimants. Of that amount, approximately $27,397.25 ("Settlement Fund") will be distributed to the Participating Claimants. Participating Claimants will receive payments from the Settlement Fund based on a number of factors, including the number of weeks the Participating Claimant was employed by the Hospital during the Covered Period, and may increase or decrease depending on a variety of factors.

2.2.2   Within five (5) business days of the entry of Judgment, the Hospital will place the Settlement Fund in an interest bearing escrow account accessible by the Claims Administrator. The Claims Administrator will mail Award checks to the Participating Claimants as provided in section 2.6.6 below. Class Members will be entitled to all interest, on a pro-rata basis, earned on the Settlement Amount from the time the money is placed into escrow up to and including the time the Settlement Funds are distributed to Participating Claimants.

2.2.3   The amount paid to each Participating Claimant shall be divided into two (2) payments. For income and payroll tax purposes, the Parties agree that 60% of the amount paid to each Participating Claimant as set forth in Section 2.2.1 shall be subject to required withholdings and deductions and reported as wage income as required by law, and the remaining 40% of the amount paid to each Participating Claimant constitutes liquidated damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). Collectively, the two (2) payments Participating Claimants receive are referred to as a "Settlement Award." Participating Claimants shall be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any

payments, which are reported as non-wage income and which are not subject to required withholdings and deductions.

2.2.4   As further detailed in Sections 2.3.1 and 2.3.2, and for each payment made pursuant to Sections 2.2 and 2.9 of this Section V, the Hospital, either itself or through the Claims Administrator, will report each payment to government authorities including the Internal Revenue Service as required by law, and, either itself or through the Claims Administrator, shall make all required deductions, withholdings, and/or payroll tax payments.

2.3     Taxes

2.3.1   Those payments allocated to the settlement of claims for unpaid wages (a) shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to the Participating Claimants on a Form W-2 and such other state or local tax reporting forms as may be required by law.   Those payments allocated to all other claims, including without limitation claims for penalties, reimbursement, interest, and other non-wage recovery (a) shall not be subject to required withholdings and deductions, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 and such other state or local tax reporting forms as may be required by law.   Other than as set forth above, the Hospital will not, unless otherwise required by law, make, from the payment to each Participating Claimant, any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order of Final Approval by the Court shall be deemed authority not to make such deductions, withholdings, or

10

additional payments.  The Parties agree that any amount paid to Participating Claimants will not: (a) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (b) count as earnings or compensation with respect to; or (c) be considered to apply to, or be applied for purposes of, any of the Hospital's bonus, pension, and retirement programs, 401(k) plans, or any other benefit plan.  Any amounts paid to Participating Claimants are not considered compensation or wages for hours worked, compensation or wages paid or earned, or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose, and therefore shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by the Hospital.

        2.3.2   Other than the withholding and reporting requirements set forth in Section 2.3.1, Participating Claimants are solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Section V of this Stipulation.  It is understood and agreed that the Hospital has made no representations as to the taxability to any Participating Claimants of any portions of the settlement payments, the payment of any costs or an award of attorneys' fees, or any payments to Weekes.  The Hospital's share of any applicable payroll taxes shall be paid from the Settlement Fund.

        2.4   Court Approval of Class Notice

        2.4.1   Weekes and the Hospital, through their counsel of record in the Action, shall file this Stipulation with the Court and the Parties shall then move for preliminary approval of this Stipulation.  Via this submission and Motion, the Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order approving the terms

11

of this Stipulation, certify a class and collective action for settlement purposes, and schedule the Settlement Hearing to occur not less than seven (7) days after the end of the opt out period set forth in section 2.6.2, for the purposes of determining the fairness with regard to the Settlement, granting final approval of the Settlement, granting final approval of this Stipulation, and entering Judgment.

2.4.2   Subject to Court availability, Weekes and the Hospital shall endeavor to file a joint motion for entry of the Preliminary Approval Order described in Section 2.4.1 as soon as reasonable practicable under the circumstances.  A decision by the Court not to enter the Preliminary Approval Order in its entirety, excluding changes to formatting of documents or typographical errors or other non-material changes, will be grounds for the Hospital to terminate the Settlement and the terms of this Stipulation within twenty-one (21) days of receipt of the Court's decision.

2.4.3   If the Court enters the Preliminary Approval Order after November 16, 2015, Class Counsel and counsel for the Hospital shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation, if necessary.  In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

2.4.4   If the Court enters the Preliminary Approval Order, then at the Settlement Hearing, Weekes and the Hospital, through their counsel of record, shall address any written objections from Participating Claimants or concerns from Participating Claimants who attend the hearing, if any, and concerns of the Court, if any, and shall and hereby do, unless

12

provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.5     Notice of Pendency of Class Action Settlement

2.5.1    The Hospital shall provide to the Claims Administrator, through Class Counsel, no later than ten (10) business days after the Preliminary Approval Order a complete list reflecting the following information for each Class Member:  (a) the name and last known address; (b) social security numbers, which are solely to be used for applicable tax reporting at year end; (c) date of hire; and (d) date of termination as applicable.  Class Counsel agrees to use this data solely for the purposes of effectuating the Settlement and will comply with all state and federal laws that protect the privacy of current and former employees of the Hospital.  Following receipt of the foregoing information, the Claims Administrator will process the Class Notice for mailing to all members of the Class.

2.5.2    If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice, Class Counsel, through the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members at their last known addresses.  This Class Notice shall be mailed by first-class mail through the United States Postal Service, postage pre-paid.

2.5.3    This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

2.5.4    Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall undertake a reasonable address verification measure to ascertain the current accuracy of the last known address of each Class Member.  To the extent this process yields an updated address, that updated address shall replace the last known address and be

treated as the new last known address for purposes of this Stipulation and for subsequent mailings in particular.

2.5.5    Part of the fees paid to the Claims Administrator by Class Counsel shall include all costs of the mailing described in Section 2.5.2, which shall be the fees charged by the Claims Administrator, the cost of the envelopes in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice.  The Exclusion/Opt-Out Form shall also be included with the Class Notice.  Weekes acknowledges that Class Counsel's agreement to pay the Claims Administrator for mailing costs out of the Settlement Amount constitutes part of the consideration to the Class.

2.5.6    Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Section, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent.  In the event that subsequent to the first mailing of a Notice and prior to the deadline for Class Members to return the Exclusion/Opt-Out Form, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the Notice to that address, the Notice will be deemed mailed as of that date, and the forwarding address shall be deemed the updated address for that Class Member.  In the event that subsequent to the first mailing of a Class Notice and at least fourteen (14) days prior to the deadline for Class Members to return the Exclusion/Opt-Out Form, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained,

14

the Claims Administrator will re-send the Notice immediately and within fourteen (14) days of receiving such information; if no updated address is obtained for that Class Member, the Class Notice shall be sent again to the last known address.   In either event, the Notice Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement shall be deemed received when it is mailed for the second time.

   2.6  Requests for Exclusion

     2.6.1 Class Members have the option to retain their own attorney(s) in connection with this Action at their own expense.   Class Members who choose this option will be responsible for any attorneys' fees or costs incurred as a result of this election.   The Class Notice will advise Class Members of this option.

     2.6.2 Class Members may elect to "opt out" of the Class and thus exclude themselves from the Action and the Class.   Class Members may exclude themselves by completing and mailing the Exclusion/Opt-Out Form to the Claims Administrator at P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479.   Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.   Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement will not (i) be bound by any orders or judgments entered in this Action, including the Order of Final Judgment and Dismissal; (ii) be entitled to a Settlement Award or relief under, or be affected by, this Stipulation; (iii) gain any rights by virtue of this Stipulation; or (iv) be entitled to object to any aspect of this Stipulation.   If the Claims Administrator does not receive a properly executed Exclusion/Opt-Out Form on or before thirty (30) days after the mailing of the Class Notice, then that Class Member will be deemed to have forever waived his or her right to opt out of the Class.   Class Members who do not timely opt out shall be deemed

Members of the Class.  Class Members who timely opt out have no further role in the Action, and for all purposes they shall be regarded as if they never were either a party to this Action or a Class Member.  A Class Member who timely files a valid Exclusion/Opt-Out Form with the Claims Administrator may subsequently withdraw the exclusion request, however, by filing with the Claims Administrator written notification of such withdrawal.  Such written notification of withdrawal of the Exclusion/Opt-Out Form must be actually received by the Claims Administrator before the expiration of the opt out period.

2.6.3   Class Members who do not opt out of the Class pursuant to Section 2.6.2 (*i.e.*, Participating Claimants) may object to the Stipulation by submitting written objections to the Court and mailing a copy of their written objections to Class Counsel, counsel for the Hospital, and the Claims Administrator so as to be received no later than thirty (30) days after the mailing of the Class Notice.  The Class Notice shall advise Class Members of this option.  The Claims Administrator shall immediately provide any such objections to counsel of record.

2.6.4   Class Members who do not opt out of the Class pursuant to Section 2.6.2 (*i.e.*, Participating Claimants) will be entitled to Settlement Awards.

2.6.5   Prior to the Settlement Hearing and consistent with the rules imposed by the Court, Weekes and the Hospital shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  The Parties shall make all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio*, and the Hospital shall have no obligations to make any payments under the Stipulation.

2.6.6    Participating Claimants will receive their Settlement Award within (30) thirty days following the Effective Date.   The Claims Administrator shall mail each Participating Claimant's Settlement Award to his or her last known address, or updated Address if obtained, pursuant to the terms of this Stipulation.

2.6.7    Checks issued to Participating Claimants pursuant to this Stipulation shall remain negotiable for a period of ninety (90) days ("Expiration Date") from the date of mailing and will thereafter automatically be canceled if not cashed.   The checks will include a legend indicating that they are invalid, cannot be cashed and will not be honored after the Expiration Date.   The Final Approval Order will include a provision to this effect and will direct the bank holding the Settlement Amount that it is prohibited from paying or honoring any check after the Expiration Date.   The Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments.   Not later than ten (10) business days after the Expiration Date, the Claims Administrator shall provide a report to the Hospital's counsel listing all payments made to Participating Claimants.

2.6.8    Class Members will have ten (10) days after receipt of their Award to raise issues relating to improper mathematical computations or factual errors.

2.6.9    Participating Claimants who fail to cash, deposit, or negotiate their check(s) in a timely fashion will be deemed to have waived irrevocably any right in or claims to a Settlement Award, but shall remain subject to the terms of the judgment, including the release of Released Claims set forth in section 2.7.1.

2.6.10    In order to effectuate the terms of the Settlement, the Parties and the Claims Administrator will create a Reversion Fund.   If fewer than all Class Members cash their Settlement Award checks within the time permitted, such that one or more Settlement

Award checks are cancelled, those funds will be placed in the Reversion Fund.  Approximately six (6) months after the Settlement Effective Date, the funds in the Reversion Fund, if any, shall be transferred as a *cy pres* distribution to a charity, which will be identified by the Parties at a later date in the event the value of the Reversion Fund is greater than $0.

   2.7  Releases

    2.7.1 By endorsement and/or negotiation of the Settlement Award checks, or after the Settlement Effective Date, whichever is earlier, Plaintiff and Participating Claimants hereby consent to be party-plaintiffs in this action pursuant to Rule 216(b) of the FLSA, will be bound by the settlement, and shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge Releasees from any and all claims, whether known or unknown, against Releasees, or any of them, for unpaid wages, overtime pay, interest, liquidated damages, punitive damages, costs, penalties, attorney fees, restitution, or equitable relief for unpaid wages, overtime compensation, missed/interrupted meal periods, missed/interrupted rest breaks, or record keeping violations, amounting to putative violations of federal, state, or local law, including without limitation all claims that were asserted or could have been asserted under the FLSA, the WPCL, and/or the PMWA, and any and all other applicable statutory, constitutional, contractual, or common law wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including Unknown Claims, accruing from the beginning of time up to and including the date of endorsement and/or negotiation of the Settlement Award checks, or the Settlement Effective Date, whichever is earlier.  The Class Notice shall advise Class Members of the legal consequences of failure to opt-out of the Class.

   2.8  Payment of Costs and Attorneys' Fees to Weekes

2.8.1    The Parties to this Stipulation have agreed that Class Counsel will seek an award of attorneys' fees in an amount not to exceed thirty-five percent (35%) of the Settlement Amount (the "Fees Award").  Class Counsel shall not be permitted to apply to the Court for any additional payments for fees, costs, or interest and the award, if entered, shall be for all claims for attorneys' fees past, present, and future incurred in representing Weekes and Class Members in this Action.  As part of the Settlement, Class Members will not be required to pay Class Counsel any additional fees for their representation in this Action.  Class Counsel will be paid the Fees Award within seven (7) days of the Effective Date.  Payments made per this Section shall constitute full satisfaction of any claim for fees or costs, and Weekes and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorneys' fees or costs under any theory.  Weekes and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit, as appropriate, the necessary materials to justify this payment prior to the Settlement Hearing.  Provided it is consistent with this Stipulation, the Hospital will not oppose the amount of fees or costs requested by Class Counsel.  The Hospital will further not encourage any Class Member to object to or contest in any way Class Counsel's requested fees or costs.  The parties expressly recognize and agree that the requested fees and costs are fair and reasonable.  In the event that the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for Enhancement Payments for Weekes as set forth in Section 2.9.3, all such sums shall be included in the amounts to be distributed to Class Members.  Other than any reporting of this fee payment as required by this Stipulation or law, which the Hospital shall make, Class Counsel, Weekes, and any other Class Members who have received Enhancements or Service Payments shall alone be

responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment that they have received pursuant to this Section.

        2.8.2   The Parties to this Stipulation have agreed that Class Counsel will also seek reimbursement of approximately $477.75 for expenses, costs and/or out-of-pocket expenses Class Counsel incurred in this Action.  These litigation costs shall be paid out of the Settlement Amount.  As part of the Settlement, Class Members will not be required to pay Class Counsel any additional costs for their representation in this Action.  Class Counsel will be paid the aforementioned expenses from the Settlement Amount within seven (7) days of the Effective Date.

        2.8.3   Class Counsel may petition for an award of an Enhancement Payment for Weekes.  The Hospital will not oppose such service payment not to exceed $2,500.00. This Enhancement Payment shall be paid out of the Settlement Amount.  The Enhancement Payment shall be paid in the form of one check and paid within seven (7) days of the Effective Date.  By execution of this Stipulation, Weekes agrees to be a Member of the Class and a Participating Claimant subject to the Judgment, and further agrees to the release of claims set forth in section 2.7.1, and in light of this agreement it shall not be necessary for her to be sent a Class Notice. The Parties agree that the Hospital, either itself or through the Claims Administrator, shall report the Enhancement Payment as non-wage income in the year of payment, and that the Hospital, either itself or through the Claims Administrator, will report the payment of Weekes' individual payments according to the terms of this Stipulation, and with the understanding that Weekes will be deemed to have submitted a valid claim.  Other than the reporting and withholding set forth in this Section, and with the exception of the Hospital's share of any federal and state taxes, Weekes shall be responsible for the reporting and payment of any

federal, state, and/or local income or other form of tax on any payment made to her pursuant to this Section, and shall indemnify shall indemnify the Hospital for any and all liability imposed upon the Hospital by any federal, state or local taxing authority relating to any payments made hereunder.

   2.8.4 The Hospital shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Weekes, Class Counsel, Opt-In Members, and/or any other Person who may assert some claim thereto, of any award or payment issued or made in the Action or pursuant to this Stipulation, including, but not limited to, any award or payment pursuant to Section 2.2.1 or Section 2.9.

   2.8.5 If the Court rejects the Stipulation, or refuses to enter the Order of Final Judgment and Dismissal, this Stipulation shall be void *ab initio,* and the Hospital shall have no obligations to make any payments under the Stipulation.

   2.9 Claims Administrator

   2.9.1 The fees and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes expressly required by this Stipulation shall be deducted from the Settlement Amount.  Weekes and Class Counsel shall have no responsibility for such fees or expenses.  In no event will the fees and expenses incurred by the Claims Administrator cause the Hospital's total payments to exceed the Settlement Amount.

   2.9.2 The Parties shall instruct the Claims Administrator to prepare a binding estimate of fees and costs for all services to be provided in conjunction with the Parties' Settlement and this Stipulation ("Administrative Costs") prior to the filing of the Joint Motion for Preliminary Approval. Upon an Order of Final Approval, the Parties shall authorize the payment to the Claims Administrator of the Administrative Costs from the Settlement Amount.

2.9.3     The actions of the Claims Administrator shall be governed by the terms of this Stipulation.  Class Counsel may engage in communications with the Claims Administrator and grant authorization to the Claims Administrator to make payment to itself for its services and engage in related communications with the Claims Administrator without notice or copies to Hospital Counsel, the Hospital, or the Court.  The Hospital may provide relevant information needed by the Claims Administrator per this Stipulation and engage in related communications with the Claims Administrator, without notice and copies to Class Counsel, any Class Members or the Court.

2.9.4     In the event that either the Hospital or Class Counsel take the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, such party shall meet and confer first with opposing counsel and, if necessary, with the Claims Administrator or the Court.

2.10     Termination of Settlement

2.10.1     In the event that the Stipulation is not approved in its entirety by the Court, excluding changes to formatting, fixing typographical errors, or other non-material changes, or in the event that the settlement set forth in the Stipulation is terminated, canceled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval.  Weekes and the Opt-in Plaintiffs will then be free to pursue the claims in the Action.  In sum, the parties will be placed in the exact same position the parties were in prior to the filing of this Stipulation.  In such event, this Stipulation (except for those provisions relating to non-admission and denial of liability set forth in Sections III, 2.12.4, and this Section 2.11) shall be deemed null and void, its terms,

provisions, and any proceedings taken or statements made pursuant to this Stipulation or papers filed seeking approval of this Stipulation shall have no further force and effect with respect to the Parties and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession or an admission of any kind by any of the Parties of the truth or untruth of any fact alleged or the validity or invalidity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, court of law, or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding or other forum, or of any liability, responsibility, fault, wrongdoing or otherwise of the Hospital, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.*  In any such event, if the class or collective action described in Section 2.1.1 has already been certified for settlement purposes, the Parties will jointly move, as soon as possible, to decertify the class and/or collective action, and the Court shall issue an order decertifying the class or collective action. Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Class Counsel or reducing the amount of any entitlement paid to Weekes, Opt-In Plaintiffs or Deposed Opt-In Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment.

> 2.10.2   The Hospital shall have the absolute discretionary right to terminate this Stipulation of Settlement and Release in the event that any of the following conditions occur:

>> 2.10.2.1    In the event that five (5) or more Class Members opt out from the Class.

2.10.2.2      In the event that the Stipulation is construed in such a fashion that would require the Hospital to pay more than the Settlement Amount.

2.10.2.3      In the event that the Court does not certify, for settlement purposes, a class action and collective action consistent with Section 2.1.1 or otherwise makes an order materially inconsistent with any of the terms of this Stipulation.

2.10.2.4      In the event that there are any material changes to this Stipulation not approved by the Hospital.

2.10.3      To the extent the Hospital chooses to exercise the option established in Section 2.10.2 and its subsections, it must do so through written notice to Class Counsel prior to the Order of Final Approval.

2.11      Miscellaneous Provisions

2.11.1      The Hospital's sole obligations to Class Counsel and the Claims Administrator are set forth in this Stipulation.  Class Counsel shall hold the Hospital harmless for an award of fees or costs beyond those made in accordance with the Stipulation and shall not seek to recover any fees or costs awarded in excess of the terms in this Stipulation.

2.11.2      The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, including but not limited to obtaining the dismissal of any pending or subsequently-filed lawsuit that alleges any of the Released Claims.

2.11.3      The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any

claim or any potential defense.  The Parties agree that the amounts paid in settlement and the other terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.11.4    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  Weekes and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Hospital could not contest (or are estopped from contesting) class or collective action certification on any grounds in the Action or in any other lawsuit if the Court fails to enter the Order of Final Approval; this Stipulation shall not be deemed an admission by, or ground for estoppel in the Action or in any other lawsuit against the Hospital, that class or collective action certification in the Action is proper or cannot be contested on any grounds.

2.11.5    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.11.6    The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Parties or their respective successors-in-interest.

2.11.7    The Stipulation constitutes the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any party

concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

          2.11.8    Class Counsel, on behalf of the Class, represent that, after consultation with and approval by Weekes and the Opt-in Plaintiffs, they are expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.  Similarly, the Hospital's Counsel represents that it is expressly authorized to take all appropriate action required or permitted to be taken by the Hospital pursuant to the Stipulation to effect its terms, and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Hospital, which it deems appropriate.

          2.11.9    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

          2.11.10    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

          2.11.11    Whenever this Stipulation requires or contemplates that one party, the Court or the Claims Administrator shall or may give notice to another, notice shall be provided by electronic mail, facsimile and/or next-day (excluding Sunday) express delivery service as follows:

26

(i) If to the Hospital, then to:

>Sidney R. Steinberg, Esq.
>Post & Schell, P.C.
>1600 John F. Kennedy Blvd.
>Philadelphia, PA 19103
>Telephone: (215) 587-1000
>Facsimile: (215) 587-1444
>Email: ssteinberg@postschell.com

(ii) If to Weekes, then to:

>Michael Murphy, Esq.
>Murphy Law Group, LLC
>Eight Penn Center, Suite 1803
>1628 John F. Kennedy Blvd.
>Philadelphia, PA 19103
>Office:  215.375.0961/267.273.1054
>Fax:     215.525.0210
>E-mail: murphy@phillyemploymentlawyer.com

2.11.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third-party beneficiaries either express or implied.

2.11.13    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.  Any action to enforce this Stipulation shall be commenced and maintained only in the U.S. District Court for the Eastern District of Pennsylvania.

2.11.14    This Stipulation and the exhibits hereto represent the entire agreement between the parties.  If any part of this Stipulation is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Stipulation, which shall be construed, reformed and enforced to

effectuate the purposes thereof to the fullest extent permitted by law, other than the provisions in section 2.8.  If one or more of the provisions contained in the Stipulation shall for any reason be held to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law.  If any part of section 2.8 shall be declared illegal, invalid, inoperative or unenforceable for any reason, the Parties will cooperate with best efforts to ensure that the Hospital receives the benefit of the bargain hereunder, including, but not limited to, obtaining new releases from all Participating Claimants.

      2.11.15      The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the Commonwealth of Pennsylvania without giving effect to that Commonwealth's choice of law principles.

      2.11.16      The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of the Stipulation are contractual and are the product of arm's length negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party.

      2.11.17      Other than necessary disclosures made to a court, Weekes, the Hospital, and their respective counsel agree to keep the fact of and terms of settlement, the

content of this Stipulation and any attached documents, and their settlement negotiations confidential and will not disclose that information to any third party (including the press). Weekes and her counsel specifically agree that they shall not hold press conferences, issue any press release, publicize the settlement on the internet, or otherwise contact the media, including, but not limited to, television, radio or newspapers.  Weekes and her counsel further agree that they shall not make any reference to the Hospital in any publication, marketing materials, websites, or on any other materials not in connection with this case.  If asked about the Settlement, Weekes and Class Counsel shall decline to comment, or, at most, shall respond that there was a dispute regarding overtime wages and the dispute was resolved on a mutually agreeable and reasonable basis.  The Hospital may respond to inquiries from media outlets regarding the settlement by stating, in substance, that the Hospital denies any liability, but that the dispute was resolved on a mutually agreeable and reasonable basis.  Nothing in this Stipulation shall prohibit any Party or counsel for any Party from responding with truthful information to any disparaging statement regarding any of the Parties or the Settlement made in any print or electronic media outlet.  Nothing herein shall prevent the Hospital from communicating with its employees on any subject, provided any communications with Participating Claimants who are current employees must be consistent with the statements set forth herein.

REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Respectfully submitted,

Dated: November 3, 2015

s/ Sidney R. Steinberg
Sidney R. Steinberg, Esq.
Andrea M. Kirshenbaum, Esq.
Darren Creasy, Esq.
Post & Schell, P.C.
Four Penn Center, 14th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2921
Tel:  215-587-1000
Fax:  215-587-1444

ATTORNEYS FOR DEFENDANT

Dated: November 3, 2015

s/ Michael Murphy
Michael Murphy, Esq.
Michael Groh, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
Tel:  215.375.0961/267.273.1054
Fax:      215.525.0210

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------
VERONICA WEEKES, individually and on          :
behalf of all others similarly situated,      :
                                              :        Civil Action: 15-4202
                         Plaintiff,           :
                                              :
                                              :
              v.                              :
                                              :
CHHS HOSPITAL COMPANY, LLC, d/b/a             :
CHESTNUT HILL HOSPITAL                        :
                                              :
                         Defendant.           :
------------------------------------------------------------
```

### CLASS NOTICE

### NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION

### NOTICE OF SETTLEMENT HEARING AND HEARING REGARDING APPLICATION FOR ATTORNEY'S FEES, COSTS, AND COMPENSATION TO NAMED CLASS REPRESENTATIVE

### EXCLUSION PROCEDURES

**Veronica Weekes, et al. v. CHHS Hospital Company, LLC d/b/a Chestnut Hill Hospital**
United States District Court, Eastern District of Pennsylvania
Civil Action No. 15-4202

**TO:** **All Full Time Registrars/Admitting Specialists employed by Chestnut Hill Hospital from August 1, 2012 to August 1, 2015, who were assigned primarily to the Emergency Room, and who did not submit more than fifteen (15) Meal Break Exception Reports during the 16 month period preceding July 31, 2015 (i.e., March 31, 2014 through July 31, 2015).**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS ARE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.  YOU MAY BE ENTITLED TO SHARE IN THE RECOVERY.**

### I.        INTRODUCTION

If you were employed by Defendant CHHS Hospital Company, LLC d/b/a Chestnut Hill Hospital (hereinafter referred to as "Defendant") as a Full Time Registrar/Admitting Specialist at Chestnut Hill Hospital, assigned primarily to the Emergency Room from August 1, 2012 to August 1, 2015, and did not submit more than 15 Meal Break Exception Reports during the 16 month period preceding July 31, 2015, you are a member of the proposed Class in this class action lawsuit (the "Plaintiffs") and your rights will be affected as set forth in the proposed settlement described in this Notice (the "Settlement").  On _____ ____, 2015 the Court preliminarily approved a Settlement and conditionally certified a

Class for settlement purposes only.  You have received this Notice because Defendant's records show you were employed as a Full Time Registrar/Admitting Specialist in the Emergency Room during the time period set forth above.  Because your rights are affected by the legal proceedings, it is extremely important that you read this Notice carefully.

## II.      DESCRIPTION OF THE LAWSUIT AND CONTENTIONS OF THE PARTIES

On or about July 30, 2015, Veronica Weekes ("Class Representative") initiated this lawsuit against Defendant on behalf of herself and all present and former similarly situated persons employed by Defendant in the position of Registrar/Admitting Specialist who were similarly subject to Defendant's unlawful meal break policy ("Action").  The suit was filed in the United States District Court, Eastern District of Pennsylvania, by Murphy Law Group, LLC ("Class Counsel"), and alleges that Defendant failed to properly pay overtime compensation to Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL").  In relevant part, the lawsuit alleges that Plaintiffs were unlawfully denied wages and overtime compensation for work performed during unpaid meal breaks.  Defendant denies liability or wrongdoing of any kind.  Nonetheless, Defendant has concluded that further litigation may be protracted, distracting, and expensive, and has therefore determined that it is desirable and beneficial to it to resolve this matter.

The Class Representative and Defendant recognize the expense of continued proceedings necessary to continue the litigation through trial and possible appeals.  The Class Representative and Defendant also have taken into account the uncertainty and risk of the outcome of litigation.  The Class Representative and Defendant also are aware of the burdens of proof necessary to establish liability for the claims, of Defendant's defenses thereto, and of the difficulty in establishing damages for the Plaintiffs.

Based on the foregoing, the Class Representative and Class Counsel believe the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Plaintiffs.

For purposes of the Settlement, the Court has preliminarily certified a Class consisting of All Full Time Admitting Specialists employed by Chestnut Hill Hospital from August 1, 2012 to August 1, 2015 who were assigned primarily to the Emergency Room, who did not submit more than fifteen (15) Meal Break Exception Reports during the 16 month period preceding July 31, 2015 ("Class" and each member a "Class Member").

## III.      THE SETTLEMENT

The following is only a summary of the provisions of the proposed Settlement between the Class Representative, the Plaintiffs, and Defendant.  The specific and complete terms of the proposed Settlement are described in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

The total settlement amount in this case is Fifty Two Thousand Five Hundred Dollars ($52,500.00) ("Settlement Amount").  Of that amount, approximately $27,397.25 (the "Settlement Fund") will be distributed to the Participating Claimants, and the remaining amount is sought, as stated below, by Class Counsel for attorneys' fees and costs, the Class Representative for an enhancement award, and the Claims Administrator for claims administration expenses.

Participating Class Members will receive payments from the Settlement Fund based on a number of factors, including the number of weeks, up to a maximum of 156 weeks (or 3 years), the Participating Claimant was employed by Defendant from August 1, 2012 through August 1, 2015 ("Covered Period").

2

Based upon initial calculations, which may increase or decrease as the result of a number of factors, Class Counsel believes each Class Member who has worked for Defendant during the entire Covered Period could receive up to approximately $3,425.00 in unpaid compensation.  Please bear in mind that these calculations are initial estimates, and may increase or decrease as a result of a number of factors.

Class Members who do not opt out of the Class pursuant to Section VII below will be entitled to Settlement Awards.  **Thus, Class Members who wish to receive their portion of the Settlement Fund need not do anything at this time.**  Pursuant to the Settlement Agreement, the amount each Participating Class Member receives will be divided into two (2) portions and paid in the form of one check.  The first portion, equal to 60% of the gross amount, will be subject to state and federal withholding taxes and any other applicable payroll deductions owed by the Participating Class Member as a result of the payment.  A W-2 will be issued in connection with this portion.  The second portion, equal to 40% of the gross amount, will not be subject to any withholdings, and will be subject to the issuance of an IRS Form 1099.  Collectively, the amount paid to Participating Class Members will be referred to as the Participating Class Member's "Settlement Award."  The Claims Administrator will mail Settlement Award checks following final approval of the Settlement by the Court.  Settlement Award checks will remain valid and negotiable for a period of ninety (90) days from the date of mailing and will thereafter automatically be canceled if not cashed.

## IV.　　CLAIM PROCEDURE FOR MONETARY RECOVERY

A.　　**The Court has reviewed the terms of the Settlement proposed by Defendant and the Class Representative and has preliminarily approved it as fair and reasonable.**  The Settlement of this Action includes claims under both state and federal law.  All Class Members receiving this Notice will be mailed their Settlement Award unless they request exclusion as set forth below in Section VII. You therefore have two options:

- **IF YOU WISH TO RECEIVE A SETTLEMENT AWARD, YOU NEED NOT DO ANYTHING AT THIS TIME.**  AFTER THE COURT HAS GRANTED FINAL APPROVAL OF THE SETTLEMENT, YOU WILL RECEIVE YOUR SETTLEMENT AWARD IN THE MAIL.  <u>**BY ENDORSING AND/OR NEGOTIATING YOUR SETTLEMENT CHECK, YOU WILL BE CONSENTING TO BE A PARTY-PLAINTIFF IN THIS CASE AND WILL BE BOUND BY THE SETTLEMENT AS TO BOTH YOUR STATE AND FEDERAL (FLSA) CLAIMS.  YOU WILL ALSO BE REPRESENTING THAT YOU HAVE RECEIVED PAYMENT FOR ALL HOURS WORKED FOR DEFENDANT DURING THE COVERED PERIOD.**</u>

- **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST FOLLOW THE PROCEDURES OUTLINED BELOW IN SECTION VII.**  IF YOU FOLLOW THOSE PROCEDURES, YOU WILL NOT BE BOUND BY THE SETTLEMENT AS TO EITHER YOUR STATE OR FEDERAL CLAIMS, YOU WILL NOT RECEIVE A SETTLEMENT AWARD, AND YOU WILL PRESERVE YOUR RIGHT TO PURSUE INDIVIDUALLY ANY CLAIMS YOU MAY HAVE AGAINST DEFENDANT FOR UNPAID COMPENSATION.

B.　　Each Class Member who does not request exclusion from the settlement shall be paid a Settlement Award, as described in Section III above.  The checks shall remain valid and negotiable for ninety (90) days from issuance and will thereafter be canceled automatically if not cashed.

3

V.      **CLASS COUNSEL'S FEE AWARD, NAMED PLAINITFF'S INCENTIVE AWARDS, AND CLAIMS ADMINISTRATION EXPENSES**

A.      You are not responsible for payment of any attorney fees or court costs.  As part of the preliminary approval of the Settlement, the Court has preliminarily approved an arrangement by which Class Counsel will seek an award of attorneys' fees in an amount not to exceed thirty-five percent (35%) of the Settlement Amount (the "Fees Award").  Class Counsel shall not be permitted to apply to the Court for any additional payments for fees or interest and the award, if entered, shall be for all claims for attorneys' fees past, present, and future incurred in representing the Class Representative and Class Members in this Action.   In sum, you will not be required to pay Class Counsel any additional fees for their representation of you in the Action.  In the event you choose to exclude yourself from the settlement, you have the option to retain your own attorney(s), at your own expense, in order to pursue any claims you may have against Defendant for allegedly unpaid compensation.

B.      Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved an arrangement by which Class Counsel will also seek reimbursement of approximately $477.75 for costs and/or out-of-pocket expenses Class Counsel incurred in this Action.  These litigation costs shall be paid out of the Settlement Amount.  As part of the Settlement, you will not be required to pay Class Counsel any additional costs for their representation of you in this Action.

C.      Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved an arrangement by which the Class Representative representing the Plaintiffs will seek an order for an enhancement payment not to exceed $2,500.00. This enhancement payment shall be paid out of the Settlement Amount.

D.      Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved an arrangement by which claims administration expenses shall be paid out of the Settlement Amount.  The Claims Administrator, RG/2 Claims Administration LLC, has estimated that the total expenses associated with this matter should not exceed approximately $3,750.00.

VI.      **BINDING EFFECT/RELEASE OF CLAIMS**

By endorsing and/or negotiating your Settlement Award check, or after the Settlement Effective Date, whichever is earlier, you consent to be a party-plaintiff in this action pursuant to Section 216(b) of the FLSA, and authorize Class Counsel to act on your behalf with respect to this Settlement, which includes the release of any and all wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the FLSA, PMWA, and/or WPCL, and other state and local wage and hour laws, as well as applicable rights, demands, liabilities and causes of action of every nature and description related to the payment of wages (inclusive of premium pay) or claims for damages, costs, penalties, liquidated damages, punitive damages, interest, attorney fees, restitution, or equitable relief, whether known or unknown, accruing from the beginning of time up to and including the date of endorsement and/or negotiation of your Settlement Award check, or the Settlement Effective Date, whichever is earlier.

VII.      **PROCEDURE FOR EXCLUSION**

To exclude yourself from the Settlement, you must mail to RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479, the Exclusion/Opt-Out Form attached to this Notice expressing your desire to be excluded from the Settlement.  If you wish to request exclusion from the Settlement, the Exclusion/Opt-Out Form must include your name (and former names, if any), current address, social security number, and be signed.  In addition, the Exclusion/Opt-Out Form must be

4

received by the Claims Administrator by _____ _____, 201___.  Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who are eligible to, and do, submit valid and timely requests for exclusion from the Settlement will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

## VIII.   SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held before the Honorable Mark A. Kearney on _____ _____, 201___, in Courtroom _____, at ___:_____, at the United States District Court, Eastern District of Pennsylvania, which is located at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106  (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be approved by the Court and whether the Action should be dismissed on the merits, with prejudice.  The hearing may be adjourned by the Court from time to time, or completely, as the Court may deem fit, without further notice.

Any Class Member who has not requested exclusion from the settlement may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Final Judgment dismissing the Action against Defendant with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____ _____, 2015 upon all of the following:

| | |
|---|---|
| Michael Murphy, Esquire | Sidney R. Steinberg, Esq. |
| Michael Groh, Esq. | Darren Michael Creasy, Esq. |
| Murphy Law Group, LLC | Andrea Meryl Kirshenbaum, Esq. |
| Eight Penn Center, Suite 1803 | Post & Schell, P.C. |
| 1628 John F. Kennedy Blvd. | Four Penn Center |
| Philadelphia, PA 19103 | 1600 John F. Kennedy Blvd. |
| | Philadelphia, PA 19103-2808 |

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

**Any Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.**

## X.      EXAMINATION OF PAPERS AND INQUIRIES

The foregoing is only a summary of the Action and of the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement and Release, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, Eastern District of Pennsylvania, which is located at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, during regular business hours of each Court day.

All inquiries by Plaintiffs regarding this Notice or the Exclusion/Opt-Out Form should be directed to the Claims Administrator, RG/2 Claims Administration LLC, by mail at P.O. Box 59479,

Philadelphia, Pennsylvania 19102-9479, or by phone at 866-742-4955.  Additionally, if your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, CHESTNUT HILL HOSPITAL, OR THE ATTORNEYS OF CHESTNUT HILL HOSPITAL WITH INQUIRIES.

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------
VERONICA WEEKES, individually and on :
behalf of all others similarly situated, :
  :         Civil Action: 15-4202
                    Plaintiff, :
  :
  :
            v. :
  :
CHHS HOSPITAL COMPANY, LLC, d/b/a :
CHESTNUT HILL HOSPITAL :
  :
                    Defendant. :
-------------------------------------------------------------

## EXCLUSION/OPT-OUT FORM

### ONLY TO BE FILLED OUT
### IF YOU <u>DO NOT</u> WANT TO PARTICIPATE IN THE SETTLEMENT

By my signature below, I am giving notice that I am opting-out of this Settlement. I understand that I will not be eligible to receive any cash payment available to me in connection with this Settlement.

Name: _____

Address: _____

Social Security No.: _____

Date: _____

Signature: _____

The information contained on this form with be maintained as confidential and used solely for identification purposes in connection with the administration of the settlement agreement in the above-captioned civil action proceeding.

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------
VERONICA WEEKES, individually and on       :
behalf of all others similarly situated,   :
                                           :        Civil Action: 15-4202
                        Plaintiff,         :
                                           :
                                           :
               v.                          :
                                           :
CHHS HOSPITAL COMPANY, LLC, d/b/a          :
CHESTNUT HILL HOSPITAL                     :
                                           :
                        Defendant.         :
-------------------------------------------------------------
```

## <u>PRELIMINARY APPROVAL ORDER</u>

**THIS MATTER** comes before the Court on the Joint Motion for an Order Certifying the

Class for Settlement Purposes Only, and Granting Preliminary Approval of the Settlement

Agreement, Class Notice, and Opt-Out Form of the Plaintiff, Veronica Weekes, individually and

on behalf of the Class she seeks to represent, by her legal counsel Murphy Law Group, LLC, and

the Defendant, CHHS Hospital Company, LLC d/b/a Chestnut Hill Hospital, by and through its

legal counsel Post & Schell, P.C.  In Plaintiff's Class and Collective Action Complaint, Plaintiff

asserts claims against Defendant for alleged violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq*., the Pennsylvania Minimum Wage Act ("MWA"), 43 Pa.

Con. Stat. § 333.104, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43

Pa. Con. Stat. § 260.1, *et seq.*  The Parties' Joint Motion requests the Court to, among other

things, preliminarily approve a settlement reached in this matter (the "Agreement"), to certify,

for settlement purposes only, a class in this matter, and to authorize the sending of a class notice

to the proposed class regarding the settlement.

**AND NOW**, this _____ day of _____, 2015, upon consideration of the Parties' Joint Motion, and the Court being fully apprised of the facts, the Court hereby **ORDERS** and **DECREES** the following:

1.      The Court determines that supplemental jurisdiction exists over the state law claims asserted by Plaintiff and the Class Members in Plaintiff's Class and Collective Action Complaint pursuant to 28 U.S.C. § 1367(a), because these state law claims are factually so closely related to the FLSA claims of the Plaintiff and that there is such a substantial overlap in the identity of the FLSA putative Plaintiffs and putative members of the state law class, that they form part of the same case or controversy under Article III of the United States Constitution.  All federal and state claims referred to herein derive from a common nucleus of operative facts and would ordinarily be tried in one judicial proceeding.  Moreover, considerations of judicial economy, convenience, and fairness to litigants weigh in favor of addressing the state law claims in the same proceeding as the federal law claims.

2.      The Court gives preliminary approval to the Agreement as being fair, reasonable, adequate, and in the best interest of Plaintiff and putative members of the Settlement Class to be defined as set out below and the Court further finds that effecting a settlement of the Class Members' claims pursuant to the Class and Collective Action Complaint and the Agreement is the most expeditious, efficient, and fair means of resolving such claims.

3.      The Court further determines that: (a) all Full Time Registrars/Admitting Specialists employed by Chestnut Hill Hospital from August 1, 2012 to August 1, 2015, who were assigned primarily to the Emergency Room, and who did not submit more than fifteen (15) Meal Break Exception Reports during the 16 month period preceding July 31, 2015 are "similarly situated," within the meaning of 29 U.S.C. § 216(b); (b) the proposed Class satisfies

2

all the requirements of Rule 23 and is maintainable under Rule 23(b)(3); (c) the proposed Class

Representative and Class Counsel are adequate; and (d) there is a sufficient unity of interest

among the Class Members to support the certification of the Class for settlement purposes in

accordance with the Agreement.

4.      The Court therefore certifies in accordance with the Agreement, and for purposes

of settlement only, the following Settlement Class:

> All Full Time Registrars/Admitting Specialists employed by Chestnut Hill
> Hospital from August 1, 2012 to August 1, 2015, who were assigned primarily to
> the Emergency Room,  and who did not submit more than fifteen (15) Meal Break
> Exception Reports during the 16 month period preceding July 31, 2015 (i.e.,
> March 31, 2014 through July 31, 2015).

5.      This Court appoints Veronica Weekes as the Settlement Class Representative.

6.      This Court appoints Murphy Law Group, LLC as Class Counsel.

7.      This Court appoints RG/2 Claims Administration LLC as Claims Administrator.

8.      The Court approves the form of the Class Notice and Exclusion/Opt-Out Form

attached to the Parties' Agreement.  The Class Notice is to be mailed by the Claims

Administrator, by first class mail, to the members of the Settlement Class to their last known

address within ten (10) days of the date of this Order.

9.      All executed Exclusion/Opt-Out Forms are to be mailed to the Claims

Administrator, in accordance with the Agreement.  Class Members shall be provided thirty (30)

days from the date of mailing of the Class Notice to return their Exclusion/Opt-Out Form.

10.     A final approval hearing (the "Settlement Hearing") is set for the _____ day of

_____, 2015, at ____:_____ _m.

11.     Any Class Member may appear in person or through counsel at the final approval

hearing and be heard as to why the proposed Agreement should not be approved as fair,

adequate, and reasonable, or why a final judgment dismissing the Action against Defendant with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____ _____, _____, 201__ upon all of the following:

| | |
|---|---|
| Michael Murphy, Esquire | Sidney R. Steinberg, Esq. |
| Michael Groh, Esq. | Darren Michael Creasy, Esq. |
| Murphy Law Group, LLC | Andrea Meryl Kirshenbaum, Esq. |
| Eight Penn Center, Suite 1803 | Post & Schell, P.C. |
| 1628 John F. Kennedy Blvd. | Four Penn Center |
| Philadelphia, PA 19103 | 1600 John F. Kennedy Blvd. |
| | Philadelphia, PA 19103-2808 |

12.     Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

13.     The parties' written submissions in support of the Agreement, and any requests related thereto, shall be filed with the Court no later than _____ _____ , 201__.

14.     In the event no objections are raised to the Agreement, the Court reserves the right to adjourn the final approval hearing and base its decision regarding final approval of the Agreement, and any requests related thereto, on the written submissions of the parties.

**BY THE COURT:**

_____
The Honorable Mark A. Kearney

4

# EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------
VERONICA WEEKES, individually and on     :
behalf of all others similarly situated,     :
           :      Civil Action: 15-4202
        Plaintiff,     :
           :
           :
      v.           :
           :
CHHS HOSPITAL COMPANY, LLC, d/b/a     :
CHESTNUT HILL HOSPITAL     :
           :
        Defendant.     :
---------------------------------------------------------------

## ORDER DETERMINING GOOD FAITH
## AND GRANTING FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Motion of the Class Representative, by her

Counsel, Murphy Law Group LLC ("Class Counsel"), for an order and judgment finally

approving the Joint Stipulation of Settlement and Release ("Agreement"), previously filed with

the Court, and dismissing with prejudice all claims asserted in this matter.  After reviewing the

Agreement and other related materials submitted by the Parties, and considering any and all

objections raised to the settlement, and otherwise being fully apprised of all the facts, the Court

hereby enters the following Final Order and Judgment:

      1.    This Court has jurisdiction over the subject matter of this action and over all

parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367(a),

including all members of the Settlement Class, preliminarily certified for settlement purposes

only, by Order dated _____ ____, 2015, and as defined as:

        All Full Time Registrars/Admitting Specialists employed by Chestnut Hill
        Hospital from August 1, 2012 to August 1, 2015, who were assigned primarily to
        the Emergency Room,  and who did not submit more than fifteen (15) Meal Break

Exception Reports during the 16 month period preceding July 31, 2015 (i.e., March 31, 2014 through July 31, 2015).

2.      The Court finds that the Settlement Class, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b).  The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.      The Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Settlement Hearing regarding the approval of the Agreement.  The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B).

4.      On _____ ___, 201____, no members of the Settlement Class attended the Settlement Hearing scheduled for ___:___ __m in Courtroom _____, notice of which was included in the Class Notice, in order to raise objections, advance questions, and/or present their opposition to the settlement.

5.      The Court hereby approves the Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class.  The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the risk of not achieving class certification, additional costs, and delay associated with further prosecution of this action.  The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including attendance at a Settlement Conference with the Honorable Marilyn Heffley, United States Magistrate Judge.

6.      Class Counsel should be awarded the amount of $_____ for fair and

reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation,

such award to be paid from the Settlement Amount in full compromise and satisfaction of all

attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement.  The

Claims Administrator, RG/2 Claims Administration LLC, shall be awarded an amount not to

exceed $_____ for fair and reasonable fees and expenses incurred in the administration of

the settlement.  Such awards are to be paid from the Settlement Amount as specified in the

Agreement.

7.      Enhancement Payments, which are to be paid from the Settlement Amount as

specified in the Agreement, are approved for the following Class Representative who performed

substantial services for the benefit of the Settlement Class, in the following amounts:

| Name: | Amount: |
|-------|---------|
| Veronica Weekes | $2,500.00 |

8.      The Court finds and determines that the payments to the members of the

Settlement Class, as provided in the Agreement and to be determined and paid by the Claims

Administrator, are fair, reasonable and adequate and gives final approval to and orders that those

payments be made to the members of the Settlement Class who have not requested exclusion

from the Settlement in accordance with the Agreement.

9.      This Court hereby dismisses with prejudice all claims and actions in this matter

under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania

Wage Payment & Collection Law, and the claims of all Settlement Class members based on or

arising out of any acts, facts, transactions, occurrences, representations, or omissions which are

alleged, or which could have been alleged, in the Class and Collective Action Complaint in this

matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

10.     All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed against Defendant, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.  Any person who filed a valid and timely opt-out form is hereby excluded.  All members of the Settlement Class, including all members who did not submit an Exclusion/Opt-Out form, are permanently enjoined from participating in any other collective or class action lawsuit against Defendant or related entities, concerning the claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendant, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

11.     The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

**BY THE COURT:**

_____
The Honorable Mark A. Kearney