IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERONICA WEEKES | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 15-4202 |
| CHHS HOSPITAL COMPANY, LLC, | : |
| d/b/a CHESTNUT HILL HOSPITAL | : |

## ORDER

**NOW**, this 25th day of January 2016, upon consideration of Plaintiff's Motion to Certify the Settlement Class, Grant an Enhancement Payment and Approve the Settlement Agreement (ECF Doc. No. 24) and Motion for Attorneys' Fees and Expenses (ECF Doc. No. 25), and after reviewing the Stipulation of Settlement and Release ("Agreement") and other related materials submitted by the Parties at the January 22, 2016 hearing, and mindful of no objections to the settlement, it is **ORDERED** the Plaintiff's Motions (ECF Doc. Nos. 24, 25) are **GRANTED, the Plaintiff's claims are dismissed with prejudice and this matter is closed** as we find:

1. We have jurisdiction over the subject matter and over all parties under 28 U.S.C. §1331, 29 U.S.C § 216(b) and 28 U.S.C. §1367(a), including all members of the Settlement Class, preliminarily certified for settlement purposes only under a November 24, 2015 Order (ECF Doc. No. 22) as:

> All Full Time Registrars/Admitting Specialists employed by Chestnut Hill Hospital from August 1, 2012 to August 1, 2015, who were assigned primarily to the Emergency Room, and who did not submit more than fifteen (15) Meal Break Exception Reports during the 16 month period preceding July 31, 2015 (i.e. March 31, 2014 through July 31, 2015).

2. The Settlement Class satisfies Fed. R. Civ. P. 23(a), is maintainable under Rule 23(b)(3), and satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). We certify the Settlement Class for purposes of settlement of this action only.

3. The Notice approved by this Court and provided to all members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the January 22, 2016 Final Approval Hearing. We find the Class Notice satisfied Fed. R. Civ. P. 23 (e)(1)(B).

4. No members of the Settlement Class attended the January 22, 2016 Final Approval Hearing, notice of which was included in the Class Notice, to raise objections, advance questions, and oppose the settlement.

5. We approve the Agreement and find the settlement is fair, reasonable, and adequate to all members of the Settlement Class. Counsel conducted extensive investigation, research, and litigation and evaluated respective risks of further litigation, including the risk of decertification of the preliminarily certified class, additional costs, and delay associated with further prosecution of this action. The parties reached the Agreement as a result of intensive, arms-length negotiations, including mediation with Judge Heffley of this Court.

6. Murphy Law Group, LLC ("Class Counsel") is awarded $18,852.75 representing a thirty-five percent (35%) contingent fee and constitutes a fair and reasonable fee and costs incurred in the prosecution of this litigation and less than Class Counsel's lodestar at normal and reasonable hourly rates, and this award will be paid from the Settlement Amount at the time of distribution to Class Members, in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement.

7. The Claims Administrator, RG/2 Claims Administration LLC, shall be awarded $3,750.00 for fair and reasonable fees and expenses incurred in the administration of the

settlement to be paid from the Settlement Amount as specified in the Agreement.

8. A $2,500.00 Enhancement Payment from the Settlement Amount as specified in the Agreement and Class Notice, and with no objection, is approved for the Class Representative Veronica Weekes.[1]

9. We find and determine payments to the members of the Settlement Class, as provided in the Agreement and to be paid by the Claims Administrator within forty-five (45) days of this Order or, if appealed, fifteen (15) days after a final Order, are fair, reasonable and adequate payments timely made to each member of the Settlement Class.

10. All claims and actions are **DISMISSED with prejudice** under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law, and the claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in this Class and Collective Action Complaint, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

11. Members of the Settlement Class are barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore existed against

---

[1] We express no opinion as to the reasonableness of either the Class Administrator or enhancement payment to Ms. Weekes as the Defendants and no class member, after specific notice, objected to the size of this payment and it is not unreasonable in light of her efforts and risk as an present employee. As addressed during the Final Approval Hearing, we can envision a valid objection to a $2,500 enhancement payment to the representative plaintiff when the recovery is $52,500 shared by counsel and sixteen class members many of whom are not receiving damages equal to the enhancement payment.

Defendants, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint. All members of the Settlement Class, including all members who did not submit an Exclusion/Opt-Out form, are permanently enjoined from participating in any other collective or class action lawsuit against Defendant or related entities, concerning the claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, unknown or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendant, arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representatives, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

12. We retain jurisdiction to administer, supervise, interpret, and enforce this Order.

_____
KEARNEY, J.